IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JAMES ARMANDO CARD,**

       Petitioner,

v.                                                CASE NO.  4:08-cv-448-SPM
                                                  CAPITAL CASE

**WALTER A. McNEIL,**
Secretary, Fla. Dept. of Corrections, et al.,

       Respondents.
_____/

**ORDER ON MOTION TO DISMISS CLAIM I OF HABEAS PETITION**

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1) by Petitioner James Armando Card.  Respondents filed an answer and a motion to dismiss claim one (doc. 9). No reply was filed by Petitioner to this motion.  After careful consideration of all issues raised by the parties, Respondents' motion to dismiss Claim I is granted.

**BACKGROUND**

The prior procedural proceedings in this case have been extensive.[1]  In 1982, Petitioner was convicted of robbery, kidnapping and first-degree murder.[2]  The trial judge imposed consecutive life sentences on the robbery and kidnapping charges

---

[1] This order discusses only the prior proceedings which bear on the issues raised in Respondents' motion to dismiss.

[2] The facts are detailed in *Card v. State*, 453 So.2d 17, 18-19 (1984).  In summary, Petitioner was convicted of robbing a Western Union office, kidnapping the store clerk and killing the clerk by cutting her throat.

Case No.: 4:08cv448/SPM

and sentenced Petitioner to death for the murder conviction. On direct appeal, the Florida Supreme Court affirmed Petitioner's conviction and sentence. *Card v. State*, 453 So.2d 17 (Fla. 1984). A petition for certiorari to the United States Supreme Court was denied. *Card v. Florida*, 469 U.S. 989, 105 S. Ct. 396, 83 L. Ed. 2d 330 (1984).

Thereafter, Petitioner filed a motion for postconviction relief which was denied by the trial court, and this denial was affirmed by the Florida Supreme Court. *See Card v. State*, 497 So.2d 1169 (Fla. 1986). Petitioner then filed a writ for habeas corpus relief and stay of execution in state court; this relief was denied. *See Card v. Dugger*, 512 So.2d 829 (Fla. 1987). In 1987, Petitioner filed a petition for a writ of habeas corpus in federal court, and the district court denied relief. *See Card v. Dugger*, Case No. TCA 87-40243- MMP. On appeal, the Eleventh Circuit Court of Appeals affirmed all but one claim and remanded the case for the limited purpose of allowing the district court to set forth its reasons for failing to hold an evidentiary hearing. *See Card v. Dugger*, 911 F.2d 1494 (11th Cir. 1990). Upon remand, the district court denied Petitioner an evidentiary hearing, and this denial was affirmed by the Eleventh Circuit. *See Card v. Singletary*, 981 F.2d 481 (11th Cir. 1992). A petition for certiorari to the United States Supreme Court was denied. *Card v. Singletary*, 510 U.S. 839, 114 S. Ct. 121, 126 L. Ed. 2d 86 (1993).

## ANALYSIS

In the direct appeal of his conviction, Petitioner contended that he should receive a new trial because the trial court erred in excluding the proffered testimony of Camille Cardwell which deprived him of his Sixth Amendment right to present witnesses in his own behalf. Ms. Cardwell testified in a proffer that two or three weeks before the Western Union robbery she overheard her boyfriend and three of his friends discussing committing a robbery similar to the one that took place at the Western Union office. Ms. Cardwell testified that while the Western Union was not mentioned by name, the discussion involved robbing a place where people send money orders. *Card v. State*, 453 So.2d at 19-20. Ms. Cardwell's boyfriend and the others said that they would rob the store between 2 p.m. and 3:30 p.m., and they also

mentioned using a knife, but it did not sound to Ms. Cardwell that they were intending to hurt the woman working in the store. After the proffer, the trial court ruled that Ms. Cardwell's testimony was hearsay. *Id.* at 20.

On direct appeal, Petitioner argued that Ms. Cardwell's testimony was relevant and tended to prove that someone other than he committed the crime because it cast doubt on police officers' testimony that they had ruled out all possible suspects but Petitioner. He argued that the testimony was not hearsay, but if it were it would be an exception to the hearsay rule which allows declarations against penal interest to be introduced in evidence pursuant to § 90.804(2)(c), Fla. Stat. (1981). Finally, Petitioner contended that the testimony was admissible pursuant to *Chambers v. Mississippi*, 410 U.S. 284, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973)(which held that a combination of erroneous evidentiary rulings can rise to the level of a due process violation). The Florida Supreme Court found that Petitioner was not denied a fair trial by the exclusion of Ms. Cardwell's testimony. The court stated:

> [t]he declarants are not defendants or victims nor are they connected with this case other than through the proffered testimony at issue. The only way any statements made by them could be relevant here would be if they were offered for the truth of the matter asserted. Only if the testimony were offered to prove that the declarants were actually planning a robbery of a Western Union office would it be relevant. The criminal intentions or states of mind *alone* of these declarants are irrelevant to this case. The statements were obviously offered as proof of the matter asserted and are, therefore, hearsay.
>
> The appellant also contends that the testimony was admissible to impeach the credibility of the police investigations. We are unable to find merit in that contention. The investigators have not denied receiving the information from Camille Cardwell. The appellant has offered no plausible demonstration of a failure to investigate the crime.
>
> In the alternative, the appellant argues that if the proffered testimony is hearsay, it should have been admitted as a declaration against penal interest. Section 90.804(2)(c), Florida Statutes (1981), requires that in order to utilize this exception to the hearsay rule, the appellant must demonstrate that the declarant is unavailable to testify as a witness. He has not done so in this case but contends that the testimony was

> admissible in spite of the unavailability requirement. He bases this on the due process principles set forth in *Chambers v. Mississippi*, 410 U.S. 284, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973).
>
> * * *
>
> We find no similarity between the instant case and *Chambers*. This case does not involve a confession to the specific crime, but, rather, a discussion, prior to the crime, about committing a similar crime. There is no corroborating evidence and no assurance whatever of the reliability of the statement. . . . We find that the appellant was not denied a fair trial by exclusion of the hearsay evidence.

*Card v. State*, 453 So.2d 17, 20-21 (Fla. 1984).

In Petitioner's initial federal habeas proceeding, he argued in Claim III that he was precluded by the trial court from introducing evidence that someone else committed the crime with which he was charged in violation of *Chambers v. Mississippi, supra*. The district court found that Petitioner's claim was without merit and held as follows:

> [i]n this claim, petitioner argues that he was precluded by the trial court from introducing evidence that someone else committed the crime with which he was charged, in violation of *Chambers v. Mississippi*, 93 S. Ct. 1038 (1973). The statement he wished to introduce was that of Camille Cardwell that she heard someone else planning to commit the robbery with which petitioner was charged. The Court finds no merit to this argument.
>
> There are significant differences between the facts in *Chambers* and this case. First, unlike *Chambers*, the statements offered here were not declarations against interest. In *Chambers*, another person confessed three times to the crime with which the defendant was charged. The statement here was not a confession, but rather only a discussion prior to the crime about committing a crime similar to the robbery with which the petitioner herein was charged. *See Chambers*, 93 S. Ct. at 1048 (extent to which declaration is really against interest relevant to determination of reliability). Further, there existed insufficient corroborating evidence to show that the statement was reliable. *See id.* Lastly, Mr. Card had confessed his guilt to his lawyers and they were precluded legally and ethically from offering this false and misleading testimony to the jury. *Supra* at p. 4. The trial court's exclusion of this

> testimony does not constitute a violation of *Chambers* or of petitioner's due process rights.

**Final Order at 20-21, TCA 87-40243-MMP, dated July 1, 1988.**

The Eleventh Circuit affirmed the district court's denial of the claim, stating:

> [w]e agree with the district court that Card's reliance upon *Chambers* is misplaced. In *Chambers*, the Court held that due process requirements supersede application of state hearsay rules, and that where testimony contains sufficient indicia of reliability and directly affects the ascertainment of guilt or innocence, the strict application of the hearsay rule cannot be employed to disallow the evidence.
>
> * * *
>
> [In *Chambers*, the Court] pointed to four factors to be considered in assessing reliability: (1) the time of the declaration and the party to whom the declaration was made; (2) the existence of corroborating evidence in the case; (3) the extent to which the declaration is really against a declarant's penal interest; and (4) the availability of the declarant as a witness, that is, whether the state could cross-examine him regarding his statements. *Id.* at 300-01, 93 S. Ct. at 1048-49.
>
> In this case, the statements purportedly overheard by Cardwell were made several weeks before the crime occurred. Although the statements were against the declarants' penal interests, there was no showing that the declarants were unavailable. We agree with the district court that although there was some evidence corroborating Cardwell's testimony, this evidence was insufficient to show that the statements were reliable.
>
> * * *
>
> We conclude that here Card has not shown a sufficient nexus between the statements overheard by Cardwell and the crime for which Card was charged. Therefore, the district court did not err in denying relief based upon the exclusion of Cardwell's testimony as inadmissible hearsay.

***Card v. Dugger*, 911 F.2d 1494, 1514-15.**

In Claim I of Petitioner's instant petition for habeas corpus relief, he argues that Ms. Cardwell's testimony should have been admitted "to refute Detective Slusser and the prosecution's self-serving claim that law enforcement's exhaustive investigation established beyond any doubt that no one but Card could be the killer." Doc. 1 at 33-

34. Petitioner also argues that Ms. Cardwell's statements were admissible pursuant to the hearsay exception as a statement against penal interest under § 90.804(2)(c), Florida Statutes.  Finally, he contends that *Chambers v. Mississippi, supra*, required reversal of his conviction, and that the Florida Supreme Court's adjudication of the issue is contrary to or involves an unreasonable application of clearly established federal law.

Respondents argue that Claim I was previously presented to this Court and should be dismissed under the law of the case doctrine.  In the alternative, Respondents argue that Claim I is barred by the principle of res judicata as well as being a successive habeas claim barred by 28 U.S.C. § 2244(b)(1) and AEDPA's one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  Because the Court finds that Claim I should be dismissed under the law of the case doctrine, any alternative legal theories supporting dismissal will not be addressed.

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Arizona v. California*, 460 U.S. 605, 618, 103 S. Ct. 1382, 1391, 75 L. Ed. 2d 318 (1983).  The doctrine's purpose "is to bring an end to litigation by foreclosing the possibility of repeatedly litigating an issue already decided."  *Murphy v. F.D.I.C.*, 208 F.3d 959, 966 (11th Cir. 2000).  While the district court and court of appeals generally are bound by findings of fact and conclusions of law made by a court of appeals in a prior appeal of the same case, the law of the case doctrine does not bar reconsideration of an issue when "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work a manifest injustice."  *United States v. Robinson*, 690 F.2d 869, 872 (11th Cir. 1982)(citations omitted).  *See also Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1288 (11th Cir. 2000).

In Claim I of Petitioner's instant petition, Petitioner raises the identical issue that he raised in his initial federal habeas petition and makes the same arguments

supporting his request for relief. Petitioner's claim of error with regard to Ms. Cardwell's testimony was presented and ruled upon in his initial federal habeas proceeding in 1987, and the decision of the district court was affirmed on appeal. Petitioner has not demonstrated that the issue merits reconsideration.  He has not shown that any of the exceptions to the law of the case doctrine are applicable; there has been no subsequent trial which produced substantially different evidence; no controlling authority has since made contrary a decision of law applicable to the issue; nor was the prior decision clearly erroneous nor would it work a manifest injustice in this case.  The law of the case doctrine precludes further consideration of this issue. Therefore, this Court is  bound by the decision in *Card v. Dugger*, 911 F.2d 1494 (11th Cir. 1990).

>Accordingly, it is

>ORDERED and ADJUDGED as follows:

>1.   Respondents' motion to dismiss claim I (doc. 9) is hereby *granted*.

>2.   Claim I in the petition for a writ of habeas corpus (doc. 1) is hereby *dismissed*.

>DONE and ORDERED this 26th day of January, 2009.


*s/ Stephan P. Mickle*
**Stephan P. Mickle**
**United States District Judge**

Case No.: 4:08cv448/SPM